**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 09-4306**

─────────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO E. BANKS,

        Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.   Raymond A. Jackson, District Judge.  (4:08-cr-00041-RAJ-TEM-1)

─────────────

Submitted:  October 6, 2009      Decided:  October 20, 2009

─────────────

Before MICHAEL, GREGORY, and SHEDD, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Mark H. Bodner, Fairfax, Virginia, for Appellant. Dana J. Boente, United States Attorney, Robert E. Bradenham II, Assistant United States Attorney, Amy D. Paul, Second Year Law Student, Newport News, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Antonio Banks of stealing firearms from a licensed dealer, in violation of 18 U.S.C. § 922(u) (2006), and possession of a firearm after having previously been convicted of a crime punishable by more than one year, in violation of 18 U.S.C. § 922(g)(1) (2006). The district court sentenced Banks to 102 months of imprisonment on each count, to run concurrently, and Banks now appeals. Finding no error, we affirm.

Banks first challenges the district court's failure to consider or declare a mistrial after the prosecutor asked Banks during cross-examination whether he had subpoenaed a particular witness to testify on his behalf. Because Banks did not object to the prosecutor's question or request a mistrial in the district court, we review this issue for plain error. United States v. Farrior, 535 F.3d 210, 222 (4th Cir. 2008) (citing United States v. Olano, 507 U.S. 725, 733-36 (1993)); see also United States v. Ford, 88 F.3d 1350, 1363 (4th Cir. 1996) ("The plain error standard is appropriate because [the defendant] never communicated to the court that he wanted a mistrial."). To prevail on a claim of unpreserved error, Banks must demonstrate that (1) there was error; (2) the error was plain; and (3) the error affected his substantial rights. Olano, 507 U.S. at 732. Furthermore, even if Banks satisfies this

standard, this court will exercise its discretion to notice the error only "if the error seriously affect[s] the fairness, integrity, or public reputation of the judicial proceedings." Id. (internal quotation marks and citation omitted). We have thoroughly reviewed the record and conclude that Banks has failed to demonstrate that the district court committed plain error.

Banks next challenges the district court's enhancement of his offense level under the guidelines for obstruction of justice. We "review an application of the [guidelines] by the district court for clear error in factual matters; legal contentions are reviewed de novo." United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002) (citation omitted). Under the guidelines, a court should increase an offense level by two levels if the defendant willfully obstructed or attempted to obstruct justice with respect to the prosecution of the offense of conviction. U.S. Sentencing Guidelines Manual ("USSG") § 3C1.1 (2008). The commentary to the guidelines provides that examples of conduct qualifying for the enhancement include "committing, suborning, or attempting to suborn perjury". USSG § 3C1.1 cmt. n.4(b). In order to enhance an offense level under this section based on perjury, the district court must find by a preponderance of the evidence that "(1) the defendant gave false testimony, (2) concerning a material matter, (3) with the

3

willful intent to deceive (rather than as a result of confusion, mistake, or faulty memory)." <u>Sun</u>, 278 F.3d at 314 (citation omitted). We have thoroughly reviewed the record and conclude that the district court did not err in finding by a preponderance of the evidence that Banks had attempted to obstruct justice.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>